SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter the "Agreement") is made and entered into by and between Jesse L. Jones ("Plaintiff"), on the one hand, and Marietta Nondestructive Testing, LLC ("Marietta NDT"), Curtis Cooper, and Steve Norred (collectively "Defendants" and with Plaintiff, the "Parties"), on the other hand, on the date fully executed below.

RECITALS

WHEREAS, on November 27, 2018, Plaintiff filed a Complaint under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division, entitled *Jesse Jones v. Marietta Nondestructive Testing, LLC, Curtis Cooper, and Steve Norred*, Case No. 1:18-CV-05384-LMM (the "Lawsuit");

WHEREAS, the Lawsuit alleges two counts under the FLSA;

WHEREAS, Count I of Plaintiff's Amended Complaint alleges that Defendants failed to pay him full overtime wages for hours Plaintiff worked in excess of forty (40) hours in certain workweeks (hereinafter "Count I");

WHEREAS, Defendants deny that Plaintiff failed to be fully and lawfully compensated for overtime hours he worked while employed by Defendant Marietta NDT;

WHEREAS, Defendants Cooper and Norred further deny that they were Plaintiff's "employers" and subject to liability under the FLSA;

WHEREAS, the Parties have concluded and agree that there is a bona fide dispute as to the amount of hours worked and compensation due;


Initials

WHEREAS, Plaintiff has identified that his total damages for unpaid overtime does not exceed $7,320.80, inclusive of liquidated damages and exclusive of fees and costs;

WHEREAS, the Settlement Amount, which covers all damages identified by Plaintiff for Count I, is not a compromise of Plaintiff's Count I, but represents a full and complete recompense to Plaintiff for Count I;

WHEREAS, the Parties have each determined independently, and after consultation with counsel of their respective choice, that it is desirable and beneficial for each of them to resolve Count I in the manner and on the terms and conditions set forth herein;

WHEREAS, this Settlement Agreement and General Release is the Parties' full and final settlement of Plaintiff's Count I; and

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the undersigned Plaintiff and Defendants agree as follows:

1. <u>No Admission of Liability</u>. Defendants enter into this Agreement expressly disavowing fault, liability and wrongdoing, liability at all times having been denied. This Agreement is in compromise of disputed claims between and among the Parties hereto. Defendants are entering into this Agreement solely to avoid the expense and inconvenience of further litigation regarding Count I, and not because Plaintiff's Count I has or had any merit whatsoever. Nothing herein shall be construed as an admission by Defendants, or by any of Defendants' current or former employees or agents, of a breach of any duty, obligation, or contract, a violation of any right of Plaintiff or of any other person, or a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law. Defendants specifically disclaim any liability to, any breach of any duty or obligation to, or any unlawful action against Plaintiff or any other person.


Initials

Defendants also specifically deny any violations of any statute, regulation, judicial doctrine, or other law as alleged in the Lawsuit or otherwise.

2. <u>Consideration.</u> For and in consideration of the promises and other consideration described in this Agreement, Defendant Marietta NDT, on behalf of itself and Defendants Cooper and Norred, will pay to Plaintiff the following to fully resolve Count I of Plaintiff's Amended Complaint within thirty (30) days after this Agreement is approved by the Court having jurisdiction over the Lawsuit and Count I is dismissed with prejudice:

   a. The gross sum of Seven Thousand, Three Hundred and Twenty Dollars and Eighty Cents ($7,320.80), less applicable taxes and withholdings (the "Settlement Amount"), in full and final settlement and complete satisfaction of Count I. The Settlement Amount will be sent to Plaintiff's counsel, Barrett & Farahany, for distribution; and

   b. Reasonable attorneys' fees and costs attributable to Count I as determined by the Court having jurisdiction over the Lawsuit.

Defendants reserve the right to challenge the amount of attorneys' fees and costs claimed by Plaintiff.

3. <u>Dismissal and Covenant Not to Sue.</u> Plaintiff understands and agrees that Count I against Defendants pending in the Lawsuit will be dismissed with prejudice at such time as the Court approves the settlement. Plaintiff further covenants and agrees not to reinstate or reassert any such FLSA claim similar to Count I. Plaintiff waives any right to recover monetary damages from any Releasee for the released claims and further agrees that he will not opt-in to any claim against any of the Releasees brought under 29 U.S.C. § 216(b) by any other party and, if Plaintiff is within the scope of a class action against any of the Releasees brought by any other party under Federal Rule of Civil Procedure 23, he will opt-out of such class action.


Initials

4. <u>Release Relating to FLSA Claims.</u>   In consideration of the promises set forth herein, and as a material inducement for Defendants to enter into this Agreement, Plaintiff, for himself and for all and each of his respective assigns, agents, attorneys, representatives, spouses, heirs, executors and administrators, do covenant not to sue, and do fully remise, release and forever discharge Defendants and each of their respective predecessor and successor firms, parents, subsidiaries, affiliates, and each such entity's current and former officers, directors, principals, members, partners, shareholders, employees, insurers, plan administrators, attorneys and agents, and all and each of their respective assigns, agents, representatives, spouses, heirs, executors and administrators (hereinafter referred to as the "Releasees"), of and from any and all actions, causes of actions, liabilities, suits, debts, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, claims and demands (including but not limited to payments of overtime, wages, liquidated damages, or damages concerning a claim for willfulness) involving the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as amended by, without limitation, the Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., except this release shall not apply to Count II of the Amended Complaint.

    a. Plaintiff expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, against any or all of the Releasees involving the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as amended by, without limitation, the Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., except Count II of the Amended Complaint.

    b. Plaintiff acknowledges that this release extends also to claims that he did not know or suspect to exist in his favor at the time of executing this Agreement and which, if known by him, might have materially affected his decision to execute this Agreement.


Initials

      Plaintiff hereby knowingly and voluntarily waives and relinquishes all rights and benefits which may exist under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as amended by, without limitation, the Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., except Count II of the Amended Complaint.

    c. Notwithstanding the above, nothing in this Section shall impair Plaintiff's right to prosecute Count II of his Amended Complaint.

5.    Waiver of Reinstatement.   For and in consideration of the promises and other consideration described in this Agreement, and as a further material inducement for Defendants to enter into this Agreement, Plaintiff warrants, covenants, and agrees that he will not knowingly apply for, seek, or accept employment or any contractual relationship with Defendant Marietta NDT at any time in the future, and Plaintiff agrees not to knowingly accept employment with any employer that would require him to work at any facility owned or controlled, in whole or in part, by Defendant Marietta NDT. Plaintiff acknowledges that this Agreement will constitute a complete and final reason for any subsequent denial of employment or any contractual relationship, and that this Agreement may be offered as a complete defense to any lawsuit, charge, claim, or cause of action for such denial.

6.    Confidentiality.   In consideration of the promises set forth herein, and as a significant material inducement for Defendants to enter into this Agreement:

    a. Plaintiff hereby represents and warrants that he has not discussed or disclosed the terms or conditions of this Agreement with any person or entity, other than his attorney, as of the execution of this Agreement.

    b. The Parties agree that the facts or factual allegations giving rise to Count I, any of the negotiations leading to this Agreement, the fact that Defendant Marietta NDT is

5


Initials

paying money to Plaintiff, the Settlement Amount, and the terms of this Agreement (collectively, "Confidential Settlement Information") will be forever treated as confidential and that confidentiality is a material term of this Agreement. Accordingly, Plaintiff will not disclose Confidential Settlement Information to anyone at any time.

c. Notwithstanding subparagraph (b), Plaintiff may disclose the terms of the Agreement to his spouse, accountants, attorneys or tax advisors on the condition that such individuals agree to be bound by the confidentiality obligations herein. Plaintiff may disclose the terms of this Agreement to any other party only as compelled by an order of a court of competent jurisdiction. In the event Plaintiff is served with a demand or compulsory process requiring the disclosure of any Confidential Settlement Information, he will provide Defendants with written notice of such demand or compulsory process as soon as possible and in all events within seven (7) days of its receipt. Thereafter, Defendants will be permitted to take any action necessary to prevent the disclosure of such information or to obtain a protective order or other relief prior to the release of any Confidential Settlement Information, and Plaintiff agrees to fully cooperate with Defendant in so doing.

d. Plaintiff understands that the confidentiality of this Agreement is an important part of the consideration he is giving to Defendants in this Agreement and for which Defendants are paying the Settlement Amount to him, and that Defendants would not enter into this Agreement without Plaintiff's promises of confidentiality. Plaintiff acknowledges and agrees that it would be very difficult for Defendants to quantify the effect of a breach of these provisions. Accordingly, Plaintiff agrees that if he

Initials 

breaches the confidentiality provision in this section, or if his spouse, attorneys, or tax advisors to whom they disclose any Confidential Settlement Information discloses information that would, if disclosed by Plaintiff, constitute a breach of this Agreement, Plaintiff will pay to Defendants, as liquidated damages, the total amount of the Settlement Amount allocated to him.

7. <u>Non-Disparagement and Non-Interference</u>. For and in consideration of the payments, promises, and other consideration described in this Agreement, Plaintiff agrees not to make any negative statements or to take any action which disparages or criticizes any of the Releasees concerning any matter occurring prior to the execution of this Agreement, except as may occur in the ongoing litigation between the Parties, including at trial. Additionally, Plaintiff agrees as follows:

   a. Plaintiff agrees not to contact current or former employees of Defendant Marietta NDT with respect to Count I and agrees not to discuss Count I with current or former employees of Defendant.

   b. Should Plaintiff come into contact with any current or former employees of Defendant Marietta NDT, Plaintiffs agree not to make any negative, disparaging or derogatory comments regarding any of the Releasees, or their respective products or services, concerning any matter occurring prior to the execution of this Agreement, except as strictly necessary for the prosecution of Count II of the Amended Complaint.

   c. If Plaintiff is contacted by a current or former employee of Defendant, Plaintiff agrees not to discuss Count I and agrees not to make any negative, disparaging, or

Initials 

       derogatory statements about any of the Releasees, or their respective products or services.

    d. Plaintiff agrees not to make any negative, disparaging or derogatory comments regarding any of the Releasees, or their respective products or services, whether orally, in writing, or electronically to any person or other audience or outlet via the internet or other social media, including but not limited to, Facebook, Twitter, a blog or any website, for any reason whatsoever.

    e. Notwithstanding the above, this paragraph shall not impair Plaintiff's right to prosecute Count II of his Amended Complaint.

8. <u>No Oral Modification.</u> This Agreement may not be modified orally.

9. <u>No Oral Waiver.</u> No breach of any provision hereof can be waived by any undersigned party unless such waiver is in writing and signed by the waiving party. Waiver of any one breach by an undersigned party will not be deemed to be a waiver of any other breach of the same or any other provision hereof.

10. <u>No Assignment.</u> Plaintiff represents and warrants that he has not assigned to any other person, and that no other person is entitled to assert on their behalf, any claim against any of the Releasees to this Agreement based on matters released in this Agreement. Plaintiff shall indemnify and hold Defendants harmless for any liability, costs, or expenses (including any penalties and/or attorneys' fees) incurred in the defense or as a result of any such claims.

11. <u>Construction.</u> The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement is the result of arms-length negotiation between the Parties with full participation of their counsel. The final Agreement reflects substantive participation of all

Initials 

Parties. The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement. If any provision of this Agreement is declared or determined by any court to be illegal or invalid, that part shall be excluded from the Agreement, but the validity of the remaining parts, terms, or provisions shall not be affected. If any Releasee deems it necessary to litigate the construction or enforcement of this Agreement, the Releasee shall be entitled to recover attorneys' fees as well as costs and expenses.

12. <u>Voluntary Agreement</u>. Each of the undersigned Parties has been represented or has been given the opportunity to be represented by counsel of his/its choice in connection with the negotiation and execution of this Agreement. Each has relied solely upon his/its own judgment, belief and knowledge, and/or the advice and recommendation of his/its own independently selected counsel, concerning the nature, extent and duration of his/its rights and claims, and that he/it has not been influenced to any extent whatsoever in executing this document by any representations or statements except those expressly contained or referred to herein. Each party executes this Agreement voluntarily and of his/its own free will, without coercion or duress.

13. <u>Breach of this Agreement</u>. The Parties agree that if either party is found by any court to be in breach of this Agreement, such breaching party shall pay the other party's attorneys' fees and costs in enforcing this Agreement, in addition to any remedies at law or in equity that are available.

14. <u>Governing Law</u>. This Agreement shall be governed, construed, and interpreted under and in accordance with the laws of the State of Georgia without regard to conflicts of law principles. The parties agree that any dispute shall be presented to the Court and Judge as exercised jurisdiction over the Lawsuit.


Initials

15. <u>Entire Agreement</u>.  This Agreement constitutes the entire understanding and agreement between the Parties with respect to the subject matter covered by this Agreement. This Agreement supersedes any previous settlement agreement or other contractual agreement entered into by the Parties.

16. <u>Effective Date</u>.  This Agreement shall become effective and enforceable against Plaintiff and the Defendants upon Plaintiff's full execution of this Agreement.

Initials 

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND GENERAL RELEASE"; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

7-15-2019
Date

Jesse L. Jones

Sworn to and subscribed before me, this 15 day of July, 2019.

Notary Public

My commission expires:
12/5/20

Marietta Nondestructive Testing, LLC

By:_____
Its:_____

Date

Sworn to and subscribed before me, this ___ day of _____, 2019

Notary Public
My commission expires:

**Steve Norred**

_____  By:_____
Date                                                             Its:_____

Sworn to and subscribed before me, this \_\_\_ day of _____, 2019

_____
Notary Public
My commission expires:
_____


**Curtis Cooper**

_____  By:_____
Date                                                             Its:_____

Sworn to and subscribed before me, this \_\_\_ day of _____, 2019

_____
Notary Public
My commission expires:
_____

3266858.v1