UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-05384-LMM |
| | ) |
| MARIETTA NONDESTRUCTIVE | ) |
| TESTING, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND CROSS-MOTION TO STRIKE PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND TO SEAL SETTLEMENT AGREEMENT**

Defendants Marietta Nondestructive Testing, LLC, Steve Norred, and Curtis Cooper ("Defendants") submit this Response in Opposition to Plaintiff's Motion to Approve Settlement and Cross-Motion to Strike Plaintiff's Motion to Approve Settlement and to Seal Settlement Agreement. Specifically, Defendants ask the Court to strike the Settlement Agreement (the "Agreement") [Dkt. No. 54-1] and any mention of its terms in Plaintiff's Motion [Dkt. No. 54 at 4] from the docket. Plaintiff did not provide Defendants any prior notice that he was going to publicly divulge the terms of the Agreement. Had he done so, Defendants would have anticipatorily moved

- 1 -

for permission to file the Agreement *in camera*.

## I. ARGUMENT

### A. The Settlement Agreement Should Be Approved Because Jones is Overpaid

Defendants concur with Jones that the Settlement Agreement (the "Agreement") should be approved. The Agreement is not only "fair and reasonable" to Plaintiff, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982), it provides Jones with **far more than he would be entitled to by his own calculations**. As discussed in Defendants' Brief in Support of Motion for Summary Judgment on Count II:

> In Count I, Jones claims that he worked, on average, 46 hours per week, but the six overtime hours were "rolled" over to the next week. Obviously, each alleged "rollover" of six hours would be replaced by the six overtime hours worked from the previous week, meaning Jones would have lost nothing (aside from the six overtime hours worked during his first week). Despite the absurdity of Count I, the amount in dispute was negligible and the parties settled it.

Dkt. No. 44-1, Br. in Supp. of MSJ, at p. 1 n.1.

Defendants are therefore clearly *overpaying* to settle this dubious claim. Indeed, Jones, at his deposition, was not even able to identify a **single specific week** that he worked overtime for which he was not fully compensated. *See* Dkt. No. 52, Tr. of Jones Dep. at 181:11-182:8 (testifying that he was unable to identify a specific date where his hours were rolled over). Far more than just being "fair and reasonable,"

which is all that is required, *see Lynn's Food Stores, Inc.*, 679 F.2d at 1352–53, the consideration Jones will receive under the Agreement constitutes a windfall for him. *See Freyre v. Tin Wai Hui DMD, P.A.*, No. 08-22810-CIV, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009) (collecting cases for the proposition that judicial scrutiny of FLSA settlements is curtailed where the plaintiff claims he received everything he asked for).

Accordingly, the Agreement should be approved.

**B.    The Settlement Agreement and Its Contents Should be Stricken From the Docket and Sealed**

As part of the bargain for overpaying Jones on his highly dubious claim (to put it mildly), Defendants insisted on confidentiality provisions. Defendants therefore intended to move the Court for permission to file the Agreement *in camera*.[1]  Counsel for Defendants conveyed this intention with counsel for Jones on or around May 20, 2019, during a meet and confer regarding the Agreement. Obviously, Jones's filing of the Agreement and disclosing its terms on the public record negate these provisions and supplant the benefit of Defendants' bargain. Defendants therefore respectfully request that the Court give effect to the Agreement's confidentiality provisions by striking the Agreement and its contents from the docket.

---

[1] Indeed, on numerous occasions, Defendants stated their desire to be the ones to draft the motion papers.

- 3 -

Defendants are cognizant of the Court's "practice to require filing of the settlement agreement on the public record." Dkt. No. 4, Notice Regarding FLSA Cases, at p. 2. However, they respectfully submit that there is a compelling reason for the Court to strike the Agreement and references to its contents from the docket and, instead, review it *in camera*: Otherwise, Defendants will be deprived of a critical benefit for which they bargained. *See Perez v. Carey Int'l, Inc.*, No. 06-22225-CIV, 2008 WL 4490750, at *6 (S.D. Fla. Sept. 26, 2008), *aff'd*, 373 F. App'x 907 (11th Cir. 2010) ("Confidentiality is often an important element in successful settlements.").

While the general rule in the Eleventh Circuit is for FLSA settlements to be publicly available, confidentiality provisions are enforceable "where [they are] bargained for as part of the settlement agreement." *Jones v. FleetCor Techs. Operating Co., LLC*, No. 1:16-CV-1092-TCB, 2017 WL 9401153, at *2 (N.D. Ga. Aug. 3, 2017) (citing *Jun Soo Lee v. Guyoungtech USA, Inc.*, No. 1:16-334-KD-B, 2017 WL 1097201, at *7 (S.D. Ala. Mar. 23, 2017)). Thus, in *Jones*, the Court, after reviewing *in camera* a settlement agreement of FLSA claims, approved the agreement, despite it containing a confidentiality provision. The Court reasoned that the confidentiality provision was "bargained for as part of the settlement agreement" and, therefore, the Court would not "supplant [the defendant] the benefit of its bargain." *Id.* at *2; *accord King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM29SPC, 2009

WL 2370640, at *1 (M.D. Fla. July 30, 2009) (approving confidential FLSA settlement after *in camera* review); *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-01666W(WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009) (same).

The same is true here. The Agreement was carefully negotiated, and the confidentiality of the Agreement is an integral part of the Agreement. Without it, Defendants are overpaying Plaintiff for nothing. Therefore, "[d]enying the [Defendants'] right to maintain the confidentiality of the agreement would be to supplant [Defendants] the benefit of its bargain." *Jones*, 2017 WL 9401153, at *2.

Moreover, courts have enforced non-monetary provisions in FLSA settlement agreements, such as confidentiality and non-disparagement clauses, when it is clear that the plaintiff is receiving monetary consideration over and above what his FLSA claim was worth. *See, e.g.*, *Smith v. Aramark Corp.*, No. 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014). Here, as noted above, the Agreement *overcompensates* Jones for his highly dubious FLSA claim.[2] And given the fact that Jones could not identify **one specific week** that his time was "rolled over," it is highly doubtful that he would have prevailed at trial—assuming he survived summary judgment—let alone proven his entitlement to the consideration he will receive under

---

[2] As stated in Defendants' Brief in Support of Motion for Summary Judgment, Defendants vigorously dispute that they failed to fully compensate Jones for any overtime he worked.

the Agreement.

Accordingly, Defendants respectfully ask the Court to strike the Agreement and its contents from the docket.

## CONCLUSION

For all the above reasons, the Agreement should be enforced and its contents stricken from the docket.

Respectfully submitted this 8th day of August, 2019,

> CHAMBERLAIN HRDLICKA WHITE
> WILLIAMS & AUGHTRY
>
> */s/ Annette A. Idalski*
> Annette A. Idalski
> Georgia Bar No. 005559
> Peter N. Hall
> Georgia Bar No. 141376
> Kyle D. Winnick
> Georgia Bar No. 412767
> 191 Peachtree Street, N.E., 46th Floor
> Atlanta, GA 30303-1747
> Telephone: (404) 658-5386
> annette.idalski@chamberlainlaw.com
> peter.hall@chamberlainlaw.com
> kyle.winnick@chamberlainlaw.com
>
> *Counsel for Defendants Marietta NDT and Steve Norred*

## CERTIFICATE OF COMPLIANCE

Counsel for Defendants Marietta NDT and Steve Norred certifies that this document has been prepared in Times New Roman, 14 point font and otherwise complies with Local Rule 5.1C.

Respectfully submitted this 8th day of August, 2019.

                                     **CHAMBERLAIN HRDLICKA**
                                        **WHITE WILLIAMS & AUGHTRY**

                                     *s/ Annette A. Idalski*
                                     Annette A. Idalski

## CERTIFICATE OF SERVICE

This is to certify that on August 8, 2019, I electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND CROSS-MOTION TO STRIKE PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND TO SEAL SETTLEMENT AGREEMENT** through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

> V. Severin Roberts
> BARRET & FARAHANY
> 1100 Peachtree Street,
> Suite 500
> Atlanta, Georgia 30309
> severin@justiceatwork.com

> By: */s/ Kyle D. Winnick*
> Kyle D. Winnick

120644\000006\3293313.V1