IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSE JONES, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:18-CV-5384-LMM |
| MARIETTA NONDESTRUCTIVE TESTING, LLC, CURTIS COOPER, and STEVE NORRED, | |
| Defendants. | |

# **ORDER**

This case comes before the Court on Plaintiff's Motion for Attorney Fees [63]. After due consideration, the Court enters the following Order:

## I.  **BACKGROUND**

Plaintiff Jesse Jones filed this employment action against his former employers, Defendants Marietta Nondestructive Testing ("Marietta NDT"), Curtis Cooper, and Steve Norred on November 27, 2018. Dkt. No. [1]. The operative Complaint includes two counts against Defendants under the Fair Labor Standards Act ("FLSA"): a claim for unpaid overtime and a retaliatory firing claim. Dkt. No. [10]. The parties settled Plaintiff's overtime claim, and the Court approved their Settlement Agreement on October 30, 2019. Dkt. No. [61]. In the Settlement Agreement, the parties stipulated that Plaintiff would receive the FLSA-mandated attorneys' fees in an amount to be determined by the Court. Dkt.

No. [54-1]. Plaintiff has moved for fees and has submitted a memorandum in support of his request. Dkt. Nos. [63, 72]. Defendants have responded with objections to Plaintiff's requested fees. Dkt. No. [79].

## II. LEGAL STANDARD

Section 216(b) of the FLSA "makes fee awards mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542-43 (11th Cir. 1985). A prevailing plaintiff includes one who "obtained either a judgment on the merits or reached a settlement agreement." Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003); see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) (settlement agreements enforced through consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees).

What constitutes a reasonable fee pursuant to section 216(b) is left to the Court's discretion. Kreager, 775 F.2d at 1543. Attorneys' fees are typically calculated based on the "lodestar" method, wherein the Court considers the reasonable number of hours expended multiplied by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This method provides a "starting point" from which the Court may adjust based on such factors as it deems appropriate. Goss, 248 F. Supp. 2d at 1167. In assessing reasonableness of the lodestar, courts may consider the "twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in Johnson v. Georgia

Highway Express[, 488 F.2d 714, 717–19 (5th Cir. 1974)]." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

Kreager, 775 F.2d at 1543 n.2 (citing Johnson, 488 F.2d at 717–19). The Supreme Court has emphasized that a district court "may consider" these factors, "though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 n.9. The Eleventh Circuit allows district courts "to consider any of the Johnson factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered to the court." Norman, 836 F.2d at 1299–1300.

In FLSA matters, "it is not uncommon for fee awards to exceed the [p]laintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights." Brandt v. Magnificent Quality Florals Corp., No. 07-20129-CIV, 2011 WL 4625379, at *12

(S.D. Fla. Sep. 30, 2011). When the prevailing party only partially succeeds on its claims or litigates in bad faith, however, the Court may reduce the "compensable hours and the hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350–51 (11th Cir. 2008); Goss, 248 F. Supp. 2d at 1168.

### III. DISCUSSION

Plaintiff seeks $22,327.50 in attorneys' fees and $903.12 in expenses. Dkt. No. [72] at 2. Plaintiff's requested attorneys' fees represent 84.4 total hours of work by two attorneys and one paralegal:

- Mr. Roberts: $5,840 for 14.6 hours at an hourly rate of $400
- Mr. Stark: $12,075.00 for 34.5 hours at $350/hour
- Ms. Petmecky: $4,412.50 for 35.3 hours at $125/hour

Id. at 14.

Defendants raise numerous objections to Plaintiff's requested fees and costs, arguing that Plaintiff should receive $3,606.25 in attorneys' fees and $0 in costs. Dkt. No. [79].[1] Defendants attack Plaintiff's rates as excessive and Plaintiff's estimated hours as inflated. Id. at 7, 11. They also argue that Plaintiff cannot recover costs without submitting a Bill of Costs and that Plaintiff seeks an award for costs that are not compensable. Id. at 24. The Court first addresses the appropriate lodestar, then whether an adjustment to the lodestar would be

---

[1] Defendants do not contest that the Settlement Agreement entitles Plaintiff to fees or that Plaintiff is the prevailing party for the settled claim.

appropriate. The Court then addresses how much Plaintiff should recover in costs, if any.

### A.  Lodestar Calculation

To determine a reasonable fee, the Court must calculate a lodestar amount, which is the product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. The Court may reduce that sum if it finds that "the documentation of hours is inadequate" or that Plaintiff's hours were not "reasonably expended." Id. at 433–34. Hours not reasonably expended include "requested hours that are excessive, redundant, or otherwise unnecessary . . . ." Id. at 34. The Eleventh Circuit has described a reasonable hourly rate as "the 'prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Dial HD, Inc. v. ClearOne Commc'ns, 536 F. App'x 927, 930 (11th Cir. 2013) (citing Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)). As the fee applicant, Plaintiff bears the burden "to provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity." Id. at 931 (citing ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)).

#### *1.  Reasonable Hourly Rates*

Plaintiff requests $400/hour for lead counsel, V. Severin Roberts, $350/hour for attorney Benjamin Stark, and $125/hour for paralegal Linda

Petmecky. Dkt. No. [72] at 14. Plaintiff argues that these rates are reasonable based on the skills, experience, and reputation of the professionals that worked on his case, as well as their customary billing rates. Id. at 11.

Mr. Roberts is a partner at Barrett & Farahany who has practiced law since 2009. Id. at 12. Plaintiff submits, and Mr. Roberts avers, that Mr. Roberts has litigated over 180 FLSA cases in this district and has achieved summary judgment victories, settlements, and 11th Circuit wins, including in collective action certifications. Id. at 9 (Dkt. No. [72-2] ¶¶ 4–5). Plaintiff has also produced the affidavit of Brett Bartlett, a defense-side employment lawyer, who vouches for Mr. Roberts's skill in representing FLSA plaintiffs. Id. (citing Dkt. No. [72-4] ¶¶ 3–7).

Plaintiff contends that Mr. Roberts charges $400/hour and has done so since January 30, 2018. Id. at 12 (citing Dkt. No. [72-2] ¶ 1). Before this, he charged $350/hour, a rate that another judge in this District approved in 2017. Id. (citing Garmon v. Tuff TV Media Grp., LLC, No. 1:15-cv-4394-ODE (N.D. Ga. June 26, 2017), ECF No. 76). Plaintiff points out that this Court approved a $400/hour rate for a civil rights attorney who has practiced since 2010. Id. (citing Whitley v. Hill, No. 1:16-cv-3192-LMM (N.D. Ga. Feb. 27, 2018), ECF No. 79). Plaintiff also cites a Northern District case from 2015 in which a judge approved a rate of $400/hour for a 12-year employment lawyer. Id. (citing Eason v. Bridgewater & Assocs., Inc., No. 1:11-cv-2772-TCB (N.D. Ga. June 9, 2015), ECF No. 164). Plaintiff argues that these cases indicate that $400/hour is an

appropriate rate for a 9–10 year lawyer who has made partner in the Atlanta market trying FLSA cases. Id.

Attorney Benjamin Stark has practiced since 2006—private practice since 2012. Id. at 13. Mr. Stark does the majority of Barrett & Farahany's briefing, including the summary judgment briefing in this case. Id. Plaintiff reports that Mr. Stark has successfully moved for partial summary judgment on plaintiffs' behalf in four cases, including this one. Id. at 9–10 (citing [Dkt. No. 72-3] ¶¶ 4–9).[2] Plaintiff provides the affidavit of Robert M. Lewis, Regional Counsel for ERISA at the U.S. Department of Labor, who worked with and then supervised Mr. Stark for five-and-a-half years at the Department. Id. at 10 (citing Dkt. No. [72-5] ¶¶ 3, 8). He vouches for Mr. Stark's competence—his thorough research, sharp legal reasoning, and clear writing. Id. (citing Dkt. No. [72-5] ¶ 8). Plaintiff also cites two cases in which Northern District judges approved a $350/hour rate for Mr. Stark. Id. (citing Garmon, No. 1:15-cv-4394-ODE, ECF No. 76; Lowe and Reynolds v. Atlas Logistics Grp. Retail Servs. (Atlanta), LLC, No. 1:13-cv-2425-AT (N.D. Ga. May 18, 2016), ECF No. 165).

---

[2] This appears to be a mistake. Plaintiff did not successfully move for partial summary judgment in this case. The parties settled Count I, the overtime claim, but continued to litigate Count II, the retaliation claim. Defendants moved for summary judgment on the retaliation claim, Dkt. No. [44], and the Court denied that motion, Dkt. No. [62].

Plaintiff also seeks to recover for paralegal work by Ms. Petmecky. Id. Plaintiff contends that the court in Garmon approved an hourly rate of $125 for her. Id. (citing Garmon, No. 1:15-cv-4394-ODE, ECF No. 76).

Defendants argue that the Court should reduce Plaintiff's requested rates, which they argue are "at the very high end of rates deemed reasonable in this district for far more complex FLSA cases." Dkt. No. [79] at 7. Defendants propose that Mr. Roberts's rate be reduced from $400 to $275, Mr. Stark's rate from $350 to $225, and Ms. Petmecky's rate from $125 to $75. Id. Adopting these lower rates would result in an overall reduction of $7,902.50 to Plaintiff's suggested lodestar. Id.

Defendants argue that this reduction is necessary because this was a simple FLSA overtime case, which calls for a fee award at the low end of the range of reasonable fees. Id. at 8–9 (citing Eason, 108 F. Supp. 3d at 1364). Defendants collect several cases in which Northern District judges approved fees lower than those Plaintiff proposes and others where courts approved comparable rates in much more complex cases. Dkt. No. [79] at 7 n.1. Defendants also cite one Southern District of New York case in which a judge noted that FLSA lawyers in Manhattan typically earn between $250 and $450 per hour, which would suggest that $400/hour is on the high end of fees for Atlanta. Id. at 9 (citing Rosendo v. Everbrighten Inc., No. 13cv7256-JGK-FM, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015)).

Defendants argue that other factors counsel in favor of reducing Plaintiff's requested fees. Id. at 8 n.2 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)). They argue that this straightforward overtime case would not have precluded Plaintiff's counsel from other work, that the case involved no time limitations, that the sums obtained were relatively low, and that Plaintiff only succeeded because of Defendants' offer to settle. Id. Defendants also emphasize that this case involved limited discovery. Id. at 9. In sum, Defendants argue that $350/hour for partners, $275/hour for senior associates, and $100/hour for paralegals are average rates in complicated FLSA actions. Id. at 11 n.4 (citing Willoughby, 219 F. Supp. 3d at 1265 n.4; Jackson, 2018 WL 2271241, at *4; Boateng, 2015 WL 11199146, at *2). Defendants suggest that the professionals in this case should earn lower rates—$275 for Mr. Roberts, $215 for Mr. Stark, and $85 for Ms. Petmecky—because of its simplicity. Id.

The Court finds Plaintiff's proposed rates reasonable based on the parties' cited cases, other cases in our circuit, and the evidence Plaintiff's counsel has cited in support of their fee request. Given these sources of information, the Court finds $400/hour reasonable for Mr. Roberts. Mr. Roberts's sworn testimony that he bills at $400/hour is strong evidence of the reasonableness of that rate. Dillard v. City of Greensboro, 213 F.3d 1347, 1354–55 (11th Cir. 2000) (holding that what an attorney "charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand'" (citing Blum v. Stenson, 465 U.S. 465 U.S.

886, 895 n.11 (1984))). Mr. Roberts is a 10-year lawyer and partner at his firm who has served as counsel of record in over 180 FLSA cases. His own affidavit, as well as that of Mr. Bartlett, an experienced defense-side litigator, affirm his capability and success in his employment practice. This is also consistent with amounts other courts have approved. See, e.g. Eason, 108 F. Supp. 3d at 1364–65 (approving $400/hour for an employment litigator with 12 years of experience in 2015).

Mr. Stark's sworn testimony that he bills at $350/hour is strong evidence of the reasonableness of that rate. Dillard, 213 F.3d at 1354–55. That rate is consistent with rates charged by comparable attorneys performing FLSA wage-and-hour work in the Atlanta market. Jackson, 2018 WL 2271241, at *4 (approving $400/hour for two attorneys and $375/hour for a third in an FLSA minimum wage case in 2018); Eason, 108 F. Supp. 3d at 1364 (approving $325/hour for an associate in an FLSA overtime case in 2015). Also, the affidavit submitted on Mr. Stark's behalf by the Department of Labor Regional Counsel supports his skill and reputation. Dkt. No. [72-5]. This rate is comparable to what other courts have approved.

Ms. Petmecky's rate of $125/hour is consistent with what paralegals have earned in similar recent cases in this District. Thomas, 2018 WL 1137183, at *2; Whiten, 2008 WL 11415946, at *3; Garmon. No. 1:15-cv-4394-ODE, ECF No. 76 at 8.

In sum, the Court finds Plaintiff's proposed rates to be reasonable given the market rates for professionals of their reputation, skill, and experience. Defendants' cited cases do not undermine the reasonableness of Plaintiff's proposed fees. While Defendants emphasize that the settled claim was relatively uncomplex, the claim's complexity is only one of the <u>Johnson</u> factors that the Court may consider in assessing reasonable rates. <u>Johnson</u>, 488 F.2d at 717–719 (listing "novelty and difficulty of the questions" among the twelve factors that a court may consider in determining a reasonable fee). When determining the reasonable hourly rate, the Eleventh Circuit focuses on the prevailing market rate for a lawyer of "comparable skills, experience, and reputation." <u>Norman</u>, 836 F.2d at 1299 (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984)). Defendants cite no authority that requires the Court to discount a reasonable rate for a lawyer's services when that lawyer performs relatively straightforward legal work. In looking at the entirety of the evidence provided, the Court concludes that the requested rates are reasonable.

### 2. *Hours Billed*

Plaintiff has submitted an itemized timesheet that includes the date, description, and time spent on each task in this case. Dkt. No. [72-1]. Plaintiff claims 84.4 total hours billed, including 14.6 hours by Mr. Roberts, 34.5 hours by Mr. Stark, and 35.3 hours by Ms. Petmecky. Dkt. No. [72] at 14. Plaintiff's attorneys have declared that they did not perform redundant, excessive, or otherwise unnecessary work and that all work performed was reasonably

necessary. Id. at 7–8. Plaintiff also emphasizes that several of the Johnson factors support an award for this time incurred, including the customary fee, the contingent-fee nature of the case (and consequently the riskiness of the case), Plaintiff's success in obtaining a settlement of 100% of his FLSA overtime and liquidated damages, the experience, reputation, and ability of the attorneys, and the undesirability of the case. Id. at 8–11.

Defendants raise numerous objections to Plaintiff's hours-billed calculation. Dkt. No. [79] at 11–12. They argue that Plaintiff's hours should be reduced by at least 75%. Id. at 12. Defendants have submitted line-by-line objections in an appendix to their Response. See Dkt. No. [79-1].

Defendants first argue that the Court should cut Plaintiff's entries that are too vague because the Court cannot determine what tasks were performed from these descriptions and so cannot determine whether those tasks are compensable. Dkt. No. [79] at 12–14. Next, Defendants argue that the Court should discount time billed not attributable to Count I, the claim covered by the Settlement Agreement. Id. at 14. Defendants argue that the vagueness of many of the entry descriptions prevents the Court from determining whether the work billed was performed on Count I or Count II. Id. (citing Martinez v. Hernando Cty. Sheriff's Office, 579 F. App'x 710, 715 (11th Cir. 2014) (approving the district court's discretionary reduction of fees by 75% when the plaintiff was only partially successful in his claims)).

Defendants also argue that Plaintiff should not be compensated for redundant work, which includes Plaintiff's response to Defendants' Motion to Dismiss. Id. at 16–17. Defendants argue that Plaintiff's Response to their Motion to Dismiss was unnecessary and not reasonably expended because he filed it after he amended his Complaint, which mooted their Motion. Id. at 17.

Defendants point to other entries that they argue are excessive or redundant. Id. at 18. (citing Dkt. No. [72-1] at 1, 2, 5). This includes time spent calculating Plaintiff's damages, which Defendants argue was excessive. Id. at 19. This also includes entries too vague to tell whether they are redundant, excessive, or clerical. Id. Defendants argue that the excessive and redundant entries merit an across-the-board reduction of 25%. Id.

Defendants also argue that Plaintiff should not recover fees for its Motion for Attorneys' Fees because they argue it is a "copy-and-paste job." Id. at 19–20. Defendants argue that the copy-and-paste job merits a downward reduction in fees of $1,840. Id.

Defendants further argue that the Court should cut entries for clerical tasks. Id. at 21 (citing Dkt. No. [72-1] at 2–5). Defendants argue that these clerical tasks should be cut even if they were performed by a paralegal. Id. (citing Gowen Oil Co. v. Abraham, 511 F. App'x 930, 936 (11th Cir. 2013) ("Fees for paralegal work are recoverable to the extent that the paralegal performs work traditionally done by an attorney.")). And Defendants argue that cutting these clerical tasks would lead to a reduction of $1,751.25. Id. at 21.

Defendants last argue that Plaintiff's "block-billing" entries should be cut. Id. (citing Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 F. App'x 198, 203 (11th Cir. 2012) ("'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task.")). Defendants contend that this style of billing warrants an across-the-board reduction in hours of $2,488.75. Id. at 21–22 (citing Ceres, 476 F. App'x at 203). Defendants conclude by arguing that the Court should reduce Plaintiff's billed hours by 75%.

Plaintiffs' counsel declined to file a reply brief, so the Court does not have the benefit of their response to these specific and detailed objections. This is problematic because many of Defendants' objections appear to have merit. The Court is also finding it difficult to determine whether some of these billing entries involve billed time for both claims, and Defendants are only responsible for paying attorneys' fees attributed to the work on the settled claim. See Norman, 836 F.2d at 1302 ("If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." (citing Hensley, 461 U.S. at 436–37)).

After a thorough review of the bills and objections, the Court finds it appropriate to reduce Plaintiffs' requested fees by 30%. The relief Plaintiff obtained was "limited in comparison to the scope of the litigation as a whole" because the parties settled only the overtime claim, not the retaliation claim. Id. When reducing a lodestar amount to account for partial success, the Court "may

attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some portion." Id. "The court necessarily has discretion in making this equitable judgment." Hensley, 461 U.S. at 437. The Court finds a 30% reduction adequate to account for Plaintiff's partial success in obtaining settlement. This reduction results in fees of $15,629.25.[3]

### B.  Plaintiff's Costs and Expenses

Plaintiff also seeks $903.12 in litigation expenses. Dkt. No. [72] at 14. This includes expenses for legal research and filing and service fees. Id. (citing Dkt. No. [72-6]). Plaintiff notes that this sum includes expenditures, like filing and service fees, that might normally be included in a Bill of Costs. Id. at 14 n.18. Plaintiff acknowledges that such costs would normally be filed after the entry of judgment, id. (citing LR 54.1), but Plaintiff identifies all recoverable expenses "out of an abundance of caution," since 29 U.S.C. § 216(b) requires Plaintiff to designate recoverable expenses. Id.

Defendants argue that the $903.52 is unrecoverable since Plaintiff did not file a Bill of Costs. Dkt. No. [79] at 24 (citing LR 54.1). That aside, Defendants argue that Plaintiff cannot recover for costs not authorized by 28 U.S.C. § 1920. Id. (citing Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 572–73 (2012); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987)).

---

[3] $22,327.50 * .7 = $15,629.25

Because the case has not yet finally concluded, the Court will not yet make an award of costs. This will be handled at the conclusion of the case.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Attorney Fees [63] is **GRANTED in part**. The Court awards Plaintiffs $15,629.25 in fees under 29 U.S.C. § 216.

**IT IS SO ORDERED** this 5th day of May, 2020.

_____
**Leigh Martin May**
**United States District Judge**